STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, PETITIONER, V. BAIBA D. SIMMONS, RESPONDENT.

608 N.W. 2d 174

Filed March 31, 2000.   No. S-99-648.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

PER CURIAM.

On June 8, 1999, Kathryn A. Olson, vice chair and chair pro tem of the Committee on Inquiry of the First Disciplinary District of the Nebraska State Bar Association, filed formal charges against respondent, Baiba D. Simmons, for violating her oath of office as an attorney, see Neb. Rev. Stat. § 7-104 (Reissue 1997), and violating the following provisions of the Code of Professional Responsibility: count I, Canon 1, DR 1-102(A)(1) and (5) (misconduct); Canon 6, DR 6-101(A)(3) (failing to act competently); and Canon 7, DR 7-101(A)(2) (failing to represent a client zealously); and count II, violation of Neb. Ct. R. of Discipline 3 (rev. 1996) and DR 1-102(A)(1) and (5) (misconduct). Amended formal charges were filed on July 7, 1999.

A referee was appointed, and an evidentiary hearing on the amended formal charges was conducted on November 19, 1999. The referee filed his report on January 10, 2000. Simmons did not file exceptions thereto.

The evidence shows that Simmons was admitted to the practice of law in the State of Nebraska on December 13, 1989, and since that date has engaged in the private practice of law in Lancaster County.

In summary, the amended formal charges state, and the evidence clearly and convincingly shows, that Simmons was engaged by Anita Halama and approximately 20 other former employees of Lincoln Telephone Company to represent them in civil actions filed against Aliant Communications, Inc., and the Communication Workers of America. Halama paid Simmons a $200 retainer. Other plaintiffs also paid Simmons retainers, but it is unclear how many of the plaintiffs paid Simmons retainers. Halama eventually submitted a letter of complaint against Simmons.

The lawsuits at issue, filed in the district court for Lancaster County, are Una Boone, et al. v. Aliant Communications, Inc., et al., cases Nos. 547-064 and 547-065. In response to the filing of these actions, the defendants filed various motions, and Simmons filed amended petitions to which the defendants demurred. At the hearing on the demurrers, the trial court granted Simmons 15 days to submit a brief in response to the demurrers. No brief was timely filed. The demurrers were sustained on July 22, 1997, and the lawsuits were dismissed without leave to amend.

Simmons failed to communicate the fact of the dismissals of the lawsuits to Halama. Simmons claims to have communicated the fact of the dismissals to an individual, April Wheeler, whom Simmons stated she understood would communicate the status of the cases to the remaining plaintiffs. Simmons testified that in her opinion, appeals from the dismissals would not be successful, that she took no steps to appeal, and that she so informed Wheeler.

Halama did not learn of the dismissals of the lawsuits until the spring of 1998. Halama testified that she had not had any correspondence with Simmons since the summer of 1996. After learning of the dismissals, Halama made calls to Simmons which were not returned.

Halama submitted a letter of complaint against Simmons to the office of the Counsel for Discipline on May 12, 1998.

Simmons was located after some effort by the Counsel for Discipline. Simmons eventually responded to Halama's complaint in a letter dated June 22, 1998. The Counsel for Discipline determined there were sufficient facts to file a complaint.

On June 30, 1998, the Counsel for Discipline informed Simmons that a formal complaint was being made against her and requested that she submit an additional response and furnish certain documents. Despite subsequent reminder letters, Simmons made no further response and did not appear at the hearing before the Committee on Inquiry held on March 23, 1999. After that hearing, the Committee on Inquiry submitted formal charges to the Disciplinary Review Board. The Disciplinary Review Board found that reasonable grounds existed for disciplining Simmons and determined that formal charges be submitted to the Clerk of the Supreme Court.

The Disciplinary Review Board prepared a report filed with the Clerk of the Supreme Court on June 8, 1999. Formal charges were filed by Olson on that same date. Amended formal charges were filed on July 7. Simmons replied to the amended formal charges on July 28. A referee was appointed.

At the evidentiary hearing conducted on November 19, 1999, Simmons stated that she had not responded to earlier inquiries from the Counsel for Discipline pertaining to this matter because she was "sick" and because of "really grave family difficulties." At this point during the hearing of November 19, there is a recess of the proceedings. The record does not thereafter develop the nature or extent of Simmons' "sickness." The record does not develop the nature or extent of the "family difficulties" to which Simmons refers. We have previously commented on the difficulty presented by a record containing "off the record" references which are unavailable for our review. See, generally, *In re Complaint Against Staley*, 241 Neb. 152, 486 N.W.2d 886 (1992). Nevertheless, it is evident from Simmons' testimony and conduct that these issues to which she refers contributed to her inability to meet her obligations as an attorney.

The referee filed his report on January 10, 2000. Simmons did not take exception thereto. The foregoing facts are consistent with the findings of the referee and are supported by clear and convincing evidence. The referee concluded in his report that

Simmons was under personal stress during the relevant time period, as a result of which she failed to properly handle the lawsuits at issue and failed to earlier respond to the charges against her. The referee made a recommendation that Simmons be suspended from the practice of law for 30 days based on her handling of the lawsuits and her failure to respond in a timely fashion to the initial complaint of Halama and to the charges asserted against her by the Counsel for Discipline.

Based on the foregoing, this court finds by clear and convincing evidence that Simmons violated DR 1-102(A)(1), (5), and (6); DR 6-101(A)(3); and DR 7-101(A)(2) of the Code of Professional Responsibility. Paraphrased, these portions of the code provide: A lawyer shall not violate a disciplinary rule, engage in conduct that is prejudicial to the administration of justice, or engage in any other conduct that adversely reflects on his or her fitness to practice law; a lawyer shall not neglect a legal matter entrusted to him or her; and a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but he or she may withdraw as permitted under the disciplinary rules.

As we have previously observed, a failure to make timely responses to inquiries of the Counsel for Discipline such as that exhibited by Simmons herein violates ethical canons and disciplinary rules which prohibit conduct prejudicial to the administration of justice and conduct adversely reflecting on the fitness to practice law. See, *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 604 N.W.2d 839 (2000); *State ex rel. NSBA v. Johnston*, 251 Neb. 468, 558 N.W.2d 53 (1997).

It is therefore ordered that Simmons be indefinitely suspended from the practice of law in the State of Nebraska with a minimum suspension of 90 days effective immediately. Simmons may apply for reinstatement in accordance with the Nebraska Supreme Court Rules of Discipline, which application shall include a showing which demonstrates her fitness to practice law. Simmons is directed to file an affidavit complying with Neb. Ct. R. of Discipline 16 (rev. 1996).

JUDGMENT OF SUSPENSION.

MILLER-LERMAN, J., not participating.