783 N.W.2d 779 (2010)
280 Neb. 125
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
Shannon J. SAMUELSON, respondent.
No. S-09-914.
Supreme Court of Nebraska.
June 25, 2010.
*781 John W. Steele, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
The Counsel for Discipline of the Nebraska Supreme Court brought this action against attorney Shannon J. Samuelson. Samuelson failed to respond to the charges. We sustained the Counsel for Discipline's motion for judgment on the pleadings and reserved the issue of the appropriate sanction. We now order that Samuelson be disbarred.

BACKGROUND
Samuelson was admitted to the practice of law in the State of Nebraska on April 25, 2002, and he practiced law in Hastings, Nebraska. Sometime around June 2009, Samuelson abandoned his practice and, according to family members, left the state. His current whereabouts are unknown. We have since appointed a trustee to inventory Samuelson's files and take whatever action is necessary to protect the interests of Samuelson's former clients. To this date, the Client Assistance Fund has received 12 claims totaling $33,000 as a result of Samuelson's abandoning his practice. The current action concerns four counts of misconduct stemming from his neglect and mismanagement of legal matters for four clients during the last year of his practice.
Count one pertains to Samuelson's representation of a client (Client 1), who retained Samuelson to prosecute a divorce and paid him $1,200. Samuelson filed the complaint for dissolution and attended a hearing where the property settlement agreement was filed and approved by the district court. Samuelson was directed to prepare and submit a decree for the court's approval, but he failed to do so. Client 1's divorce was eventually finalized by the trustee.
Count two stems from Samuelson's representation of a second client (Client 2), who retained Samuelson in September 2008 to represent her in a child custody and child support modification action. Samuelson filed an answer on Client 2's behalf and appeared at a hearing on the same date. Subsequently, the judge entered a temporary order directing the parties to enter into mediation and take parenting classes. Samuelson failed to inform Client 2 of the need to take a parenting class. Client 2 attempted to reach Samuelson for several months and, as spring approached, was concerned about the fact that the temporary order had provided for only Thanksgiving and Christmas vacations, and did not discuss the Easter 2009 holiday. It had been assumed that a permanent order would have been entered before then. After being unsuccessful in her attempts to reach Samuelson by telephone, Client 2 was able to see Samuelson briefly during an unannounced visit. However, Samuelson told Client 2 that he was too busy to meet and that he would call. Client 2 never heard from Samuelson again. Samuelson did not advise either Client 2 or the district court that he was withdrawing from her case.
Count three involves Samuelson's representation of a third client (Client 3) in two pending casesa domestic abuse protection order and a dissolution of marriage. Client 3 gave Samuelson $4,500 on March 12, 2009, as an advance payment. Samuelson cashed the check, but did not place any *782 part of it into his trust account. Samuelson met with Client 3 several times to discuss the cases, and Samuelson reviewed a stipulation for temporary custody sent by the spouse's attorney. But, after that, Client 3 was never again able to get in touch with Samuelson. Samuelson did not seek leave to withdraw from the cases and did not notify Client 3 that he was no longer representing him. None of the unearned fees were returned to Client 3.
Finally, count four concerns Samuelson's representation of a fourth client (Client 4), who paid Samuelson $5,000 in advanced fees to prosecute an action for dissolution of marriage. Samuelson cashed the check but did not deposit the funds into his trust account. Samuelson filed a complaint and appeared at first to be providing competent representation by filing motions and attending hearings on temporary allowances and an application for a domestic relations protection order. In June 2009, however, Samuelson disappeared. He did not notify the court or Client 4 that he would no longer be handling the case.
Samuelson's actions in handling of the legal matters of these four clients violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (duty to act with reasonable diligence), 3-501.4 (duty to properly communicate with client), 3-501.15 (duty to maintain trust account and safekeeping of property), 3-501.16 (duty to protect client's interests when terminating representation), and 3-508.4 (duty to follow Rules of Professional Conduct).

ANALYSIS
Having granted judgment on the pleadings, the sole issue before us is the appropriate discipline. Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
To determine the appropriate discipline in Samuelson's discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of Samuelson generally, and (6) Samuelson's present or future fitness to continue in the practice of law.[1]
Each case justifying discipline of an attorney must be evaluated individually under the particular facts and circumstances of that case.[2] For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding.[3] *783 The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors.[4]
We have previously disbarred attorneys who, like Samuelson, neglected their clients' cases and failed to cooperate with the Counsel for Discipline during the disciplinary proceedings.[5] In particular, a pattern of attorney neglect reveals a particular need for a strong sanction to deter others from similar misconduct, to maintain the reputation of the bar as a whole, and to protect the public.[6]
And, in this case, Samuelson not only neglected and ultimately abandoned the legal matters of his clients, but he also mismanaged their funds. We have said that, absent mitigating circumstances, the appropriate discipline in cases of misappropriation or commingling of client funds is typically disbarment.[7]
Because Samuelson neither responded to the Counsel for Discipline nor filed a pleading, we have no basis for considering any factors that mitigate in Samuelson's favor. Instead, these failures to cooperate with the Counsel for Discipline and respond to the charges at any point during this disciplinary process indicate a disrespect for this court's disciplinary jurisdiction.[8] The record shows that Samuelson is either unable or unwilling to respond to the charges and that, through a pattern of neglect of his clients and mismanagement of client funds, he is not fit to practice law.

CONCLUSION
We enter that Samuelson be disbarred from the practice of law in the State of Nebraska, effective immediately.
JUDGMENT OF DISBARMENT.
NOTES
[1] See State ex rel. Counsel for Dis. v. Smith, 278 Neb. 899, 775 N.W.2d 192 (2009).
[2] See State ex rel. Counsel for Dis. v. Wintroub, 277 Neb. 787, 765 N.W.2d 482 (2009).
[3] Id.
[4] Id.
[5] See, e.g., State ex rel. Counsel for Dis. v. Coe, 271 Neb. 319, 710 N.W.2d 863 (2006); State ex rel. Counsel for Dis. v. Hart, 270 Neb. 768, 708 N.W.2d 606 (2005); State ex rel. Counsel for Dis. v. Jones, 270 Neb. 471, 704 N.W.2d 216 (2005).
[6] See State ex rel. NSBA v. Johnston, 251 Neb. 468, 558 N.W.2d 53 (1997).
[7] State ex rel. Counsel for Discipline v. Jones, supra note 5; State ex rel. Counsel for Dis. v. Gilroy, 270 Neb. 339, 701 N.W.2d 837 (2005).
[8] See State ex rel. Counsel for Dis. v. Smith, supra note 1.