Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/28/2016 09:09 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. David W. Tighe, respondent.
___ N.W.2d ___

Filed October 28, 2016.    Nos. S-14-685, S-16-130.

1. **Disciplinary Proceedings.** Violation of a disciplinary rule concerning the practice of law is a ground for discipline.
2. ____. The basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.
3. ____. To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.
4. ____. Cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.
5. ____. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.

Original actions. Judgment of suspension.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

PER CURIAM.

## INTRODUCTION

The Counsel for Discipline of the Nebraska Supreme Court filed a motion for reciprocal discipline and formal charges against David W. Tighe, docketed as cases Nos. S-14-685 and S-16-130. These cases were consolidated for purposes of briefing, oral argument, and disposition.

Tighe is a member of the Nebraska State Bar Association and practices law in Omaha, Nebraska. In 2014, Tighe was suspended from practicing before the U.S. Bankruptcy Court and the U.S. District Court for the District of Nebraska. Following Tighe's failure to respond to an order to show cause entered by this court, Tighe was temporarily suspended from the practice of law in Nebraska. This case is docketed at No. S-14-685.

In addition, formal charges were filed in the case docketed at No. S-16-130. Tighe filed an answer admitting the allegations. We granted the Counsel for Discipline's motion for judgment on the pleadings and ordered the parties to brief the issue of the appropriate discipline to impose. We also ordered consolidation of cases Nos. S-14-685 and S-16-130.

We now order that Tighe be indefinitely suspended from the practice of law.

## BACKGROUND

The facts alleged in the formal charges are uncontested by Tighe. Tighe was admitted to the practice of law in the State of Nebraska on December 14, 2007. He is engaged in the private practice of law in Omaha and is under the jurisdiction of the Committee on Inquiry of the Second Judicial District. This case is composed of two consolidated cases, Nos. S-14-685 and S-16-130, initiated by the Counsel for Discipline against Tighe. These cases were consolidated for purposes of briefing, oral argument, and disposition.

## COUNT I

In 2013, Tighe represented Ellen Miller in the U.S. Bankruptcy Court for the District of Nebraska. As a result of Tighe's failure to file necessary documents, Miller's bankruptcy case was closed without discharge, despite the fact that Miller had fulfilled all of the terms of her chapter 13 plan.

In 2014, Miller learned that she did not receive her discharge, because creditors began contacting her again. Pursuant to her own investigation, Miller learned that Tighe had not filed a "Certification by Debtor in Support of Discharge." On March 28, Miller filed a pro se motion to reopen her bankruptcy case and included allegations of Tighe's deficient representation. The U.S. Bankruptcy Court judge granted Miller's motion and issued an order to Tighe, directing him to respond to Miller's allegations by May 11. After Tighe failed to respond to this order, the bankruptcy court issued a show cause order. Tighe was later suspended from practice before the U.S. Bankruptcy Court.

Thereafter, the U.S. District Court for the District of Nebraska issued an order to show cause as to why that court should not enter a reciprocal order. On July 28, 2014, that court issued an order suspending Tighe from practicing law before the U.S. District Court until further order of the court, because Tighe's response addressed neither the basis for the suspension imposed by the bankruptcy court nor the district court's inquiries.

On July 29, 2014, the Counsel for Discipline filed a motion for reciprocal discipline with the Nebraska Supreme Court. On September 10, this court issued an order to show cause as to why we should or should not enter an order imposing the identical discipline, or greater or less discipline, as we deemed appropriate. This court's order to show cause was mailed to Tighe on September 10. The mail was returned as unclaimed.

On July 15, 2015, the Counsel for Discipline delivered to Tighe a copy of the order to show cause, which Tighe signed.

On July 17, the Counsel for Discipline filed its response to the order to show cause, asking the court not to enter an order of reciprocal discipline, but, rather, to direct the Counsel for Discipline to investigate the facts underlying the indefinite suspension order issued by the federal district court. On July 29, Tighe sent an e-mail to the Counsel for Discipline with his response to the order to show cause. The Counsel for Discipline notified Tighe that his response was inadequate and that he must either file a response with this court or mail a copy to the Counsel for Discipline. Tighe failed to do so.

On August 5, 2015, the Counsel for Discipline sent a letter to Tighe directing him to answer specific questions regarding his handling of Miller's bankruptcy and the orders to show cause issued by the U.S. Bankruptcy Court and U.S. District Court. Tighe failed to comply with either of those requests.

On October 26, 2015, the Counsel for Discipline filed his report and sent a copy to Tighe. On November 25, the Nebraska Supreme Court issued an order suspending Tighe from the practice of law until further order of the court.

## COUNTS II AND III

In 2013, Tighe represented William Harris in two felony criminal matters—one in Douglas County, Nebraska, and one in Sarpy County, Nebraska. Harris entered pleas in both cases and was sentenced to lengthy prison terms.

On May 1, 2014, Harris filed a grievance with the Counsel for Discipline against Tighe, alleging that Tighe had failed to provide Harris with multiple documents from Harris' file. On May 27, Tighe submitted his response to Harris' grievance.

On June 4, 2014, Harris submitted to the Counsel for Discipline his reply to Tighe's response, and asserted that Tighe still had not provided him with specific documents related to his criminal case. On June 9, Tighe was directed to submit an additional written response specifically addressing the issues raised in Harris' reply. Tighe failed to respond to the Counsel for Discipline.

On July 18, 2014, the Counsel for Discipline sent a followup letter to Tighe. Tighe failed to respond to the followup letter as well. On August 13, the Counsel for Discipline upgraded the matter to a formal investigation. The Counsel for Discipline sent a certified letter to Tighe, directing him to file a response to Harris' grievance within 15 working days. Tighe signed the certified mail receipt, but failed to respond to the Counsel for Discipline.

In 2013 and 2014, Tighe represented Clarence Alspaugh in a felony case in Douglas County. Alspaugh entered a plea in the criminal case and was sentenced to a lengthy prison term.

On September 29, 2014, Alspaugh filed a grievance with the Counsel for Discipline against Tighe, alleging that Tighe had failed to provide him with multiple documents from his file. A copy of Alspaugh's grievance letter was mailed to Tighe. Tighe failed to respond to the Counsel for Discipline.

On July 15, 2015, Tighe met with the Counsel for Discipline. Tighe signed a receipt acknowledging receipt of a letter from the Counsel for Discipline directing Tighe to file a written response to Harris' grievance and Alspaugh's grievance within 15 working days. On July 29, Tighe submitted his response to Harris' grievance, stating that he had provided every document to Harris. On the same date, Tighe filed his response to Alspaugh's grievance letter; however, Tighe did not respond to or address all of Alspaugh's allegations.

On August 4, 2015, the Counsel for Discipline sent a letter to Tighe, directing him to respond to Alspaugh's specific allegations. As of January 15, 2016, Tighe had not submitted a response to the letter.

On August 19, 2015, Harris submitted his reply, claiming there were still a number of documents that he believed Tighe had in his possession which Harris had not yet received. That same day, the Counsel for Discipline sent a letter to Tighe asking him to respond within 14 days to specific questions related to Harris' requests for documents. As of January 15, 2016, Tighe had not responded to the letter.

Tighe did not file a brief or appear at oral argument in these consolidated appeals. At oral argument, the Counsel for Discipline stated he did not know the underlying circumstances which led to Tighe's behavior resulting in the disciplinary hearing.

## ASSIGNMENT OF ERROR

The only question before this court is the appropriate discipline.

## ANALYSIS

This court granted the Counsel for Discipline's motion for judgment on the pleadings because Tighe did not file any exceptions.

[1-5] Violation of a disciplinary rule concerning the practice of law is a ground for discipline.[1] The basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[2] To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[3] Cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.[4] Responding to disciplinary

---

[1] *State ex rel. Counsel for Dis. v. Hart*, 265 Neb. 649, 658 N.W.2d 632 (2003).

[2] *State ex rel. Counsel for Dis. v. Widtfeldt*, 269 Neb. 289, 691 N.W.2d 531 (2005).

[3] *State ex rel. Counsel for Dis. v. Hart, supra* note 1.

[4] *State ex rel. Counsel for Dis. v. Sundvold*, 287 Neb. 818, 844 N.W.2d 771 (2014).

complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline of the Nebraska Supreme Court indicate a disrespect for our disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice.[5] In evaluating attorney discipline cases, we consider aggravating and mitigating circumstances.[6] The propriety of a sanction must be considered with reference to the sanctions we have imposed in prior similar cases.[7]

The Counsel for Discipline argues that Tighe's acts and omissions in relation to his representation of Miller constitute violations of his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012) and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4 (communications), 3-508.1 (bar admission and disciplinary matters), and 3-508.4 (misconduct). The Counsel for Discipline further argues that Tighe's acts and omissions in relation to his representation of Harris and Alspaugh constitute violations of his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104 and conduct rules §§ 3-501.4(a)(4), 3-508.1(b), and 3-508.4(a) and (d). Tighe admits that he violated the sections of the Nebraska Court Rules of Professional Conduct as listed. Accordingly, the Counsel for Discipline contends that a minimum 1-year suspension is appropriate for Tighe, because he failed to respond to inquiries from the Counsel for Discipline regarding these clients' grievances. In addition, Counsel for Discipline recommends at least a 2-year period of probation following the suspension.

---

[5] *State ex rel. Counsel for Dis. v. Sutton*, 269 Neb. 640, 694 N.W.2d 647 (2005).

[6] *State ex rel. Counsel for Dis. v. Ellis*, 283 Neb. 329, 808 N.W.2d 634 (2012).

[7] *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000).

This court was faced with a similar situation of attorney misconduct in *State ex rel. Counsel for Dis. v. Sutton*.[8] In that case, John I. Sutton failed to respond to the Counsel for Discipline's grievance letter and a followup letter and failed to file an answer to the formal charges. He was suspended from the practice of law at the time of the hearing. This court reasoned that "given the lack of information that we have regarding (1) the nature and extent of the present misconduct and (2) Sutton's present or future fitness to practice law," indefinite suspension was "more appropriate at this juncture and will serve as adequate protection for the public."[9] In addition, this court held that "[s]hould Sutton apply for reinstatement in the future, he will need to fully answer for the current charges of neglect and failing to respond to the Counsel for Discipline, and demonstrate a present and future fitness to practice law . . . ."[10]

In addition, this court held in *State ex rel. NSBA v. Simmons*,[11] that indefinite suspension was appropriate for an attorney who failed to file a brief resulting in the dismissal of a client's case without leave to amend. Furthermore, the attorney, Baiba D. Simmons, did not communicate the dismissal to her clients; the clients independently learned of the dismissal. Simmons did not respond to clients' requests, nor did she respond to numerous attempts by the Counsel for Discipline to contact her.[12] This court reasoned that "a failure to make timely responses to inquiries of the Counsel for Discipline such as that exhibited by Simmons herein violates ethical canons and disciplinary rules which prohibit conduct prejudicial to the

---

[8] *State ex rel. Counsel for Dis. v. Sutton, supra* note 5.

[9] *State ex rel. Counsel for Dis. v. Sutton, supra* note 5, 269 Neb. at 643, 694 N.W.2d at 651.

[10] *Id.*

[11] *State ex rel. NSBA v. Simmons*, 259 Neb. 120, 608 N.W.2d 174 (2000).

[12] *Id.*

administration of justice and conduct adversely reflecting on the fitness to practice law."[13] Therefore, Simmons was indefinitely suspended from the practice of law in Nebraska and would only be reinstated upon "a showing which demonstrates her fitness to practice law."[14]

Tighe failed to respond to numerous attempts made by the Counsel for Discipline to contact him concerning multiple clients' complaints. In addition, Tighe failed to respond to requests from the U.S. Bankruptcy Court, the U.S. District Court, and the Nebraska Supreme Court, which resulted in Tighe's indefinite suspension from practicing law before the Nebraska federal courts and this court. Tighe has not claimed any mitigating circumstances as to why he did not respond to nearly all of the requests from the Counsel for Discipline and the courts.

Similar to *Simmons*, Tighe's acts and omissions led to the delay of a client's case as a result of his incompetent representation, lack of communication, and misconduct. Due to Tighe's failure to file a certification by debtor in support of discharge as required by the bankruptcy court's local rules, Neb. R. Bankr. P. 3015-2(N) (2014), Miller's bankruptcy case was closed without discharge, despite the fact that Miller had fulfilled all terms of her chapter 13 plan. There is no evidence in the record that Tighe notified Miller of this failure. Rather, the charges admitted to by Tighe indicate that Miller discovered she did not receive her discharge only when creditors began contacting her again. And it was only through her own investigation that Miller learned Tighe had not filed the certification. Tighe's failure to work competently and his failure to communicate with Miller, the courts, and the Counsel for Discipline nonetheless indicate Tighe's "conduct prejudicial to the administration of justice and conduct

---

[13] *Id*. at 123, 608 N.W.2d at 177.

[14] *Id*.

adversely reflecting on the fitness to practice law."[15] This is compounded by Tighe's failure to respond to requests from Harris, Alspaugh, and the Counsel for Discipline in connection with the other two grievances.

The reason for Tighe's misconduct is unknown. Accordingly, this court cannot determine Tighe's present or future fitness to practice law. Tighe's behavioral issues in regard to his lack of communication with his clients, the Counsel for Discipline, and the courts indicate that he needs to prove he is fit to practice law and that he has made "behavioral changes that will allow him to practice law within the disciplinary rules."[16]

We hold that Tighe be indefinitely suspended from the practice of law. Upon application for reinstatement, Tighe shall fully answer for the current charges of neglect and failing to respond to his clients, the Counsel for Discipline, and the courts, and shall also have the burden to demonstrate his present and future fitness to practice law.

## CONCLUSION

We order that Tighe be indefinitely suspended from the practice of law, effective immediately. Tighe may apply for reinstatement consistent with the terms outlined above. Tighe shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Tighe is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.

---

[15] See *id.*

[16] See *State ex rel. Counsel for Dis. v. Widtfeldt, supra* note 2, 269 Neb. at 294, 691 N.W.2d at 536.