Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/16/2021 08:11 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Dwaine L. Birch, respondent.
___ N.W.2d ___

Filed April 23, 2021.    No. S-20-891.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

On December 16, 2020, formal charges containing seven counts were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, the relator, against the respondent, Dwaine L. Birch. The respondent filed an answer to the charges on February 12, 2021. The respondent admits the facts in the formal charges. On February 22, the relator filed a response to the respondent's answer, stating that "[a] 45-day suspension followed by a 2-year term of monitored probation . . . would be appropriate and consistent." The respondent stated that he is willing to accept the suggested discipline recommended by the relator. Pursuant to Neb. Ct. R. § 3-310(I) (rev. 2019), which permits the court to dispose of the matter on its own motion where no issue of fact or law is raised, we impose a suspension for a period of 45 days, followed by 2 years of monitored probation.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on April 26, 1993. At all times relevant to these proceedings, he has practiced law as a solo practitioner in Burwell, Nebraska.

The misconduct set forth in the seven counts of the formal charges began in December 2015 and continued through April 2020. Each count arises from the respondent's neglect of estate proceedings: six in Garfield County, Nebraska, and one in Loup County, Nebraska. The respondent opened the respective estates, but then failed to move the cases forward despite repeated notices from the court and clerk magistrate. Further, the respondent continued to neglect the cases after the relator informed the respondent that the investigations into the neglect had been upgraded to formal grievances due to the respondent's failure to move the estates forward. In each count, the respondent is charged with violating Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3.501.3 (diligence), and 3-508.4(a) and (d) (rev. 2016) (conduct prejudicial to administration of justice), as well as his oath of office as an attorney.

In his answer, the respondent admitted to the allegations listed in the formal charges and acknowledged that he did not serve his clients in a timely and professional manner. The respondent did not suggest that his neglect of the estates was due to any mitigating circumstances. In response to the respondent's answer, the relator recommended a 45-day suspension with 2 years of monitored probation upon reinstatement. The respondent did not object to the recommended discipline and states he is willing to accept a 45-day suspension followed by a period of 2 years of monitored probation.

## ANALYSIS

A proceeding to discipline an attorney is a trial de novo on the record. *Counsel for Dis. v. Gast*, 298 Neb. 203, 903 N.W.2d 259 (2017). To sustain a charge in a disciplinary

proceeding against an attorney, a charge must be established by clear and convincing evidence. *Counsel for Dis. v. Island*, 296 Neb. 624, 894 N.W.2d 804 (2017). Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id*.

Based on the record and the undisputed facts, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of the respondent's conduct, the respondent has violated §§ 3-501.1, 3.501.3, and 3-508.4(a) and (d) of the professional conduct rules. We specifically conclude that the respondent has violated his oath of office as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 2012). We further conclude that discipline should be imposed.

We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. See *Counsel for Dis. v. Island, supra*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

> (A) Misconduct shall be grounds for:
> (1) Disbarment by the Court; or
> (2) Suspension by the Court; or
> (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
> (4) Censure and reprimand by the Court; or
> (5) Temporary suspension by the Court; or
> (6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
> (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, § 3-310(N) of the disciplinary rules.

With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney discipline case in light of its particular facts and circumstances. See *Counsel for Dis. v. Island, supra*. For purposes of determining the proper

discipline of an attorney, we consider the attorney's acts both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id.*

To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the respondent's present or future fitness to continue in the practice of law. *Id.* We have considered prior discipline, including reprimands, as aggravators. See *State ex rel. Counsel for Dis. v. Nich*, 279 Neb. 533, 780 N.W.2d 638 (2010).

With respect to the discipline to be imposed, the relator recommended suspension of the respondent's license to practice law for a period of 45 days, followed by a 2-year term of monitored probation. The relator compared the level of misconduct to that presented in *State ex rel. Counsel for Dis. v. Troshynski*, 300 Neb. 763, 916 N.W.2d 57 (2018). The respondent in *Troshynski*, who was also a solo practitioner, was charged with neglecting two personal injury cases. We imposed a suspension for a period of 45 days, followed by 2 years of probation and monitoring. *Id.*

As noted in his "Reply to Relator's Response," the respondent does not object to the relator's recommended discipline; the respondent states that he is willing to accept the suggested discipline and that he "would welcome the involvement of a monitoring attorney."

The uncontested charges are that the respondent neglected seven estate proceedings over several years. He failed to advance cases even after he was contacted by the relator. We have considered the uncontested allegations and the applicable law. Upon due consideration, the court finds that the relator's recommendation of a 45-day suspension followed by 2 years of monitored probation is appropriate. See *State ex rel. Counsel for Dis. v. Troshynski, supra*. The respondent shall comply

with the notification requirements of Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. We also direct the respondent to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012), § 3-310(P), and Neb. Ct. R. 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by this court.

At the end of the 45-day suspension, the respondent may apply to be reinstated to the practice of law, provided that he has demonstrated his compliance with § 3-316 and further provided that the relator has not notified this court that the respondent has violated any disciplinary rule during his suspension. Upon reinstatement, the respondent shall complete 2 years of monitored probation. During the period of probation, the respondent will be monitored by an attorney licensed to practice law in the State of Nebraska and approved by the relator. The monitoring plan shall include, but not be limited to, the following:

(1) On a monthly basis, the respondent shall provide the monitoring attorney with a list of all cases for which the respondent is then currently responsible, said list to include the following information for each case: (a) the date the attorney-client relationship began, (b) the type of case (i.e., criminal, dissolution, probate, contract, et cetera), (c) the date of the last contact with the client, (d) the last date and type of work completed on the case, (e) the next type of work and date to be completed on the case, and (f) any applicable statute of limitations and its date;

(2) On a monthly basis, the respondent shall meet with the monitoring attorney to discuss the respondent's pending cases;

(3) The respondent shall work with the monitoring attorney to develop and implement appropriate office procedures to ensure that client matters are handled in a timely manner; and

(4) If at any time the monitoring attorney believes the respondent has violated a disciplinary rule or has failed to

comply with the terms of probation, the monitoring attorney shall report the same to the relator.

## CONCLUSION

We find that the respondent violated §§ 3-501.1, 3.501.3, and 3-508.4(a) and (d), as well as his oath of office as an attorney, see § 7-104. It is the judgment of this court that the respondent is suspended from the practice of law for a period of 45 days, effective immediately. It is the further judgment of this court that upon completion of the period of suspension, the respondent may be reinstated to the bar, provided that the respondent has demonstrated that he has secured an attorney monitor who will supervise his monitored probation for 2 years, subject to the terms set forth above.

JUDGMENT OF SUSPENSION.