Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/17/2022 08:09 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Patrick J. Nelson, respondent.
___ N.W.2d ___

Filed March 25, 2022.    No. S-21-475.

1. **Disciplinary Proceedings.** The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.

2. ____. To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.

3. ____. Ordinarily, cumulative acts of attorney misconduct and repeated disregard of requests for information from the Counsel for Discipline will appropriately lead to disbarment.

4. ____. Responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline of the Nebraska Supreme Court indicate a disrespect for the Supreme Court's disciplinary jurisdiction and a lack of concern for protecting the public, the profession, and the administration of justice.

5. ____. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's acts, both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.

6. ____. Responding to inquiries and requests for information from the Counsel for Discipline is an important matter, and an attorney's cooperation with the discipline process is fundamental to the credibility of attorney disciplinary proceedings.

- 252 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

7. _____. An attorney's continuing to practice law contrary to a temporary suspension order is an independent basis for disbarment from the practice of law.

8. _____. The purpose of a disciplinary proceeding against an attorney is not so much to punish the attorney as it is to determine whether it is in the public interest that an attorney be permitted to practice, which question includes considerations of the protection of the public.

9. _____. Ordinarily, indefinite suspension of an attorney's license to practice law is not consistent with the Nebraska Supreme Court's duty to protect the public.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

On June 13, 2018, attorney Patrick J. Nelson was administratively suspended from the practice of law for his failure to satisfy continuing education reporting requirements. He was reinstated on December 7. During the period of his suspension, Nelson was the counsel of record for several clients, but failed to inform the court and clients that he was suspended. As a result, on July 11, 2019, Nelson received a private reprimand as discipline. Subsequently, the Counsel for Discipline of the Nebraska Supreme Court brought this action, and Nelson did not file an answer or otherwise participate in these proceedings. We granted the Counsel for Discipline's unopposed motion for judgment on the pleadings as to the facts and reserved the issue of the appropriate sanction. We now order that Nelson be disbarred.

## STATEMENT OF FACTS

The facts alleged in the formal charges are uncontested by Nelson. Nelson was admitted to the practice of law in the State of Nebraska on July 2, 1976. He engaged in the private practice of law in Kearney, Nebraska, and is under the jurisdiction of the Committee on Inquiry of the Sixth Judicial District.

- 253 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

Pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011), the allegations drafted by the Counsel for Discipline were reviewed by the Committee on Inquiry of the Sixth Judicial District, which determined that there are reasonable grounds for discipline of Nelson and that the public interest would be served by the filing of formal charges.

As background within the narrative of the formal charges, it was stated that on June 13, 2018, pursuant to Neb. Ct. R. § 3-401.11(D) (rev. 2017), we suspended Nelson from the practice of law because he had failed to satisfy the mandatory continuing legal education reporting requirements for 2017. Notice was sent by regular mail to Nelson's business address. Later that year, on December 7, 2018, we reinstated Nelson's license to practice law.

On June 10, 2021, formal charges were filed. The formal charges give rise to this current disciplinary proceeding and consist of five counts concerning cases in which Nelson was the counsel of record during the period of his suspension.

*Count I.*

The first count alleges that Nelson was responsible for "Trampe Bros. L.L. C. vs. Charity Field Farm, Inc.," in the district court for Phelps County, Nebraska, originally filed in January 2016. The case involved a boundary dispute arising from the changing riverbed of the Platte River. The defendants filed an answer through counsel, and the matter was vigorously pursued in court. On November 16, 2017, the defendant's counsel filed a motion to strike all pleadings filed by Nelson on the basis that he signed pleadings as "'The Law Office of Patrick J. Nelson, L.L.C.,'" when, in fact, his limited liability company had been dissolved by the Secretary of State in June 2015. Nelson did not contest the motion to strike. On February 8, 2018, Nelson filed a dismissal of the case without prejudice. On March 7, Nelson refiled Todd Trampe's case. The defendant filed its answer, but Nelson filed no further pleadings. When Nelson's law license was administratively

- 254 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

suspended on July 13, he did not inform Trampe or the court that his license was suspended. Subsequently, Trampe's case was dismissed for failure to progress the case. When Trampe contacted Nelson concerning the case dismissal, Nelson sent him a letter on September 25, stating that "'[a]s a result of my miss-calendering (sic) the matter in connection with the court's show cause deadline, we will re-file the case.'" Nelson did not inform Trampe that his license had been suspended. After Nelson's license was reinstated in December, he did not refile Trampe's case or inform Trampe that he was not going to refile the case.

Although Nelson was the attorney of record in the case, he failed to inform the court of his suspension and failed to withdraw as counsel. On August 6, 2020, Trampe filed a grievance with the Counsel for Discipline, alleging that Nelson had neglected his case and had not kept him informed about the status of his case. Nelson did not respond to numerous requests by the Counsel for Discipline informing him of the grievance and requesting his response. To date, Nelson has not responded to the Counsel for Discipline regarding this matter.

*Count II.*

When Nelson's license was suspended on June 13, 2018, he was representing the personal representative for the estate of Betty Dorothy in the county court for Buffalo County, Nebraska. Although Nelson was attorney of record in the case, he failed to inform the court of his suspension and failed to withdraw in the case.

After Nelson's license was reinstated on December 7, 2018, he continued his representation in the Dorothy estate case; however, by August 2019, Nelson failed to take any further actions in the case. Nelson failed to file an inventory as directed by the court, and he did not communicate with his client regarding the case. On November 7, 2019, the county court issued an order directing Nelson to appear in court on December 10. Nelson failed to appear in court. The personal

- 255 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

representative subsequently hired new counsel. As a result of Nelson's neglect, the estate was assessed $7,415.81 in penalties and interest for the late payment of the inheritance tax.

*Count III.*

When Nelson's license was suspended on June 13, 2018, he was representing the personal representative for the estate of Neal Maloley in the county court for Buffalo County. Although Nelson was attorney of record in the case, he failed to inform the court of his suspension and failed to withdraw as counsel.

After Nelson's license was reinstated on December 7, 2018, he continued his representation in the Maloley estate case; however, by May 2020, Nelson failed to take any further actions in the case. As a result of Nelson's neglect of the case, the personal representative hired new counsel on or about May 28.

*Count IV.*

When Nelson's license was suspended on June 13, 2018, he was representing the personal representative for the estate of Janet Altmaier in the county court for Buffalo County. Although Nelson was attorney of record in the case, he failed to inform the court of his suspension and failed to withdraw as counsel.

After Nelson's license was reinstated on December 7, 2018, he continued his representation in the Altmaier estate case; however, by February 2020, Nelson failed to take any further actions in the case. As a result of Nelson's neglect of the case, the personal representative hired new counsel on or about February 20. As a result of Nelson's neglect, the estate was assessed $11,409.18 in penalties and interest for the late payment of the inheritance tax.

*Count V.*

Prior to the suspension of Nelson's license on June 13, 2018, on November 21, 2017, Nelson had filed an "Application for Informal Probate of Will" in the estate of Emma Kring in

- 256 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

the county court for Kearney County, Nebraska. Nelson was representing the personal representative for the estate of Kring. Despite a May 11, 2018, letter to Nelson from the clerk magistrate of the Kearney County Court informing him that an inventory needed to be filed in the Kring estate by June 11, no inventory was timely filed. On July 13, the county court issued an order to show cause, because the inventory had not been filed. Nelson prepared the inventory and filed it on August 2. On November 15, the court entered an order stating that the Kring estate case would be closed in 60 days if nothing was filed in the case. Although Nelson's license was reinstated on December 7, he took no further action in the Kring estate case. On March 1, 2019, the case was dismissed by the court.

*Procedural History.*

Formal charges were filed on June 10, 2021, and Nelson did not file an answer. On August 27, we granted the Counsel for Discipline's motion for judgment on the pleadings as to the facts, finding that Nelson violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012) and several provisions of the Nebraska Rules of Professional Conduct. With respect to counts I through V, Nelson violated Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3-501.3 (diligence), 3-501.4 (client communications), and 3-508.4(a) and (d) (rev. 2016) (misconduct). With respect to count I, Nelson violated Neb. Ct. R. of Prof. Cond. § 3-508.1 (failure to respond to disciplinary authority). The parties were directed to file briefs on the issue of discipline. The Counsel for Discipline seeks either disbarment or indefinite suspension. Nelson did not file a brief.

The only question before this court is the appropriate discipline.

## ANALYSIS

Because Nelson did not answer the formal charges, this court granted the Counsel for Discipline's motion for judgment

- 257 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

on the pleadings as to the facts. Having concluded that Nelson violated the Nebraska Rules of Professional Conduct and his oath of office as an attorney, see § 7-104, we must determine the appropriate sanction.

[1] Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Birch*, 309 Neb. 79, 957 N.W.2d 923 (2021). The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances. See *id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

    (A) Misconduct shall be grounds for:

    (1) Disbarment by the Court; or

    (2) Suspension by the Court; or

    (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

    (4) Censure and reprimand by the Court; or

    (5) Temporary suspension by the Court; or

    (6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

    (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, Neb. Ct. R. § 3-310(N) (rev. 2019).

[2] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Birch, supra*.

[3,4] Ordinarily, cumulative acts of attorney misconduct and repeated disregard of requests for information from the Counsel for Discipline will appropriately lead to disbarment. *State ex rel. Counsel for Dis. v. Sutton*, 269 Neb. 640, 694

- 258 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

N.W.2d 647 (2005). Responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline of the Nebraska Supreme Court indicate a disrespect for our disciplinary jurisdiction and a lack of concern for protecting the public, the profession, and the administration of justice. *Id*.

[5] With respect to the imposition of attorney discipline, each attorney discipline case must be evaluated in light of its particular facts and circumstances. See *State ex rel. Counsel for Dis. v. Birch, supra*. For purposes of determining the proper discipline of an attorney, we consider the attorney's acts, both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id*.

The Counsel for Discipline argues that Nelson's acts and omissions set forth in the formal charges violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104, as well as the following Nebraska Rules of Professional Conduct: §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4 (client communications), 3-508.1 (failure to respond to disciplinary authority), and 3-508.4(a) and (d) (misconduct). The Counsel for Discipline contends that disbarment or indefinite suspension is the appropriate sanction because of the harm Nelson caused to his clients, his continued violation of the disciplinary rules after his prior suspension in 2018, and his failure to respond to inquiries from the Counsel for Discipline regarding his clients' grievances.

As aggravating factors, the Counsel for Discipline notes that Nelson has previously been disciplined; in particular, he was suspended for nearly 6 months after he failed to satisfy the mandatory continuing legal education reporting requirements for 2017. During the period of that suspension, he failed to inform the courts of his suspension and failed to withdraw as counsel in the five cases encompassed by the formal charges.

The facts established by our order granting judgment on the pleadings show that Nelson violated the disciplinary rules in

- 259 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

five separate incidents involving noncompliance and lack of communication with clients and with the courts. During these proceedings, Nelson has failed, and continues to fail, to comply with efforts by the Counsel for Discipline to investigate the grievances. This represents a pattern of noncompliance with our disciplinary rules, and cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions. See *State ex rel. Counsel for Dis. v. Samuelson*, 280 Neb. 125, 783 N.W.2d 779 (2010) (disbarring attorney who abandoned legal matters of his clients and mismanaged their funds).

As aggravating factors, the facts show that because of Nelson's neglect, each of the clients identified above was left without counsel and several clients suffered financial consequences as a result. Nelson's neglect caused the estate of Dorothy and the estate of Altmaier to be assessed $7,415.81 and $11,409.18, respectively, in penalties and interest. Nelson's neglect of the Trampe case and the Kring estate case caused them to be dismissed.

[6] We are unable to acknowledge mitigating factors because we lack any record on the question. We are troubled by Nelson's failure to respond to the Counsel for Discipline. In the present disciplinary process, Nelson has failed to correspond with the Counsel for Discipline, failed to respond to the formal charges by way of an answer, and failed to brief the issue of discipline as directed by this court. We have stated that responding to inquiries and requests for information from the Counsel for Discipline is an important matter, and an attorney's cooperation with the discipline process is fundamental to the credibility of attorney disciplinary proceedings. See, *State ex rel. Counsel for Dis. v. Gast*, 298 Neb. 203, 903 N.W.2d 259 (2017); *State ex rel. Counsel for Dis. v. Tonderum*, 286 Neb. 942, 840 N.W.2d 487 (2013). By failing to file an answer to the formal charges, Nelson missed the opportunity to enlighten us about the existence of any mitigating factors, as well as his current or future fitness to practice law. Failing to participate

- 260 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
311 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

in the disciplinary process is a very serious matter. *State ex rel. Counsel for Dis. v. Gast, supra*. We have stated that an attorney's unwillingness or inability to respond to the charges "indicate[s] a disrespect for the court's disciplinary jurisdiction." *State ex rel. Counsel for Dis. v. Samuelson*, 280 Neb. at 129, 783 N.W.2d at 783.

[7] We have disbarred attorneys who have repeatedly neglected clients' matters. See, e.g., *State ex rel. Counsel for Dis. v. Samuelson, supra* (disbarring attorney who abandoned legal matters of his clients and mismanaged their funds); *State ex rel. Counsel for Dis. v. Coe*, 271 Neb. 319, 710 N.W.2d 863 (2006) (disbarring attorney who neglected five cases and stopped participating in disciplinary proceedings); *State ex rel. Counsel for Dis. v. Hart*, 270 Neb. 768, 708 N.W.2d 606 (2005) (disbarring attorney who had a pattern of neglecting client matters and failed to communicate with the Counsel for Discipline). We have also found that an attorney's continuing to practice law contrary to a temporary suspension order is an independent basis for disbarment from the practice of law. *State ex rel. Counsel for Dis. v. Villarreal*, 267 Neb. 353, 673 N.W.2d 889 (2004).

[8] The purpose of a disciplinary proceeding against an attorney is not so much to punish the attorney as it is to determine whether it is in the public interest that an attorney be permitted to practice, which question includes considerations of the protection of the public. *State v. Jorgenson*, 302 Neb. 188, 922 N.W.2d 753 (2019). Nelson's violations negatively affected legal proceedings on behalf of at least five clients, and they undermine the public's confidence in the bar and its members to be dependable and capable in the representation of clients.

[9] We are aware that in the past we have occasionally imposed an indefinite suspension on attorneys who had violated the disciplinary rules or failed to communicate with the Counsel for Discipline and this court. See, e.g., State *ex rel. Counsel for Dis. v. Tighe*, 295 Neb. 30, 886 N.W.2d

- 261 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. NELSON
Cite as 311 Neb. 251

530 (2016). Ordinarily, indefinite suspension of an attorney's license to practice law is not consistent with our duty to protect the public.

We are without knowledge of mitigating circumstances which would give us an opportunity to assess Nelson's future ability to practice law. In view of the facts that have been established—Nelson's prior discipline and his silence in connection with the current matter—the sanction of disbarment in this case falls squarely within the principles we have recited above. We therefore determine that the appropriate discipline in this matter is disbarment.

## CONCLUSION

It is the judgment of this court that Nelson be disbarred from the practice of law in the State of Nebraska effective immediately. Nelson is directed to comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Nelson is further directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012), § 3-310(P), and Neb. Ct. R. § 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.