Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:09 PM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Robb N. Gage, respondent.
___ N.W.3d ___

Filed April 25, 2024.    No. S-24-061.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Robb N. Gage, on March 1, 2024. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 17, 2002. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Omaha, Nebraska. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Second Judicial District (Committee).

On February 24, 2021, the respondent was arrested in Douglas County, Nebraska, and charged with four counts of possession of a controlled substance, all Class IV felonies.

On March 23, 2021, we temporarily suspended the respondent's license to practice law based on the criminal charges

filed against him in Douglas County, as noted above. His license remains suspended.

On March 3, 2022, in the district court for Douglas County, the respondent entered a plea of no contest in case No. CR 21-702 to two charges: possession of cocaine, a Class IV felony, and possession of fentanyl, a Class IV felony. As part of the plea agreement, the State dismissed two other charges.

On April 13, 2022, the respondent was sentenced to a 30-month term of probation.

The Counsel for Discipline of the Nebraska Supreme Court, the relator, prepared a disciplinary complaint, and on September 15, 2023, the respondent signed a waiver of his right to have the complaint against him reviewed by the Committee. The respondent consented to the chair of the Committee directing the relator to file formal charges with the Nebraska Supreme Court, consistent with the complaint filed with the Committee, pursuant to Neb. Ct. R. § 3-309(H)(4) (rev. 2011). On January 25, 2024, the chair of the Committee accepted the respondent's waiver and directed the relator to file formal charges against the respondent.

On January 25, 2024, the relator filed formal charges against the respondent. The formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2022), and violated Neb. Ct. R. of Prof. Cond. § 3-508.4(a) and (b) (rev. 2016) (misconduct).

On March 1, 2024, the respondent filed a voluntary surrender of his license to practice law. The respondent states that, for purposes of this voluntary surrender, he freely and voluntarily consents to the entry of an order of disbarment and waives his right to notice, appearance, or hearing prior to the entry of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.