Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/20/2024 09:09 AM CDT

- 724 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 317 Neb. 724

State of Nebraska ex rel. Counsel for Discipline,
relator, v. Craig M. Martin, respondent.

___ N.W.3d ___

Filed September 20, 2024.    No. S-23-982.

1. **Disciplinary Proceedings: Appeal and Error.** Because attorney discipline cases are original proceedings before the Nebraska Supreme Court, the court reviews a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.

2. **Disciplinary Proceedings.** Violation of a disciplinary rule concerning the practice of law is a ground for discipline.

3. ____. The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.

4. ____. To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.

5. ____. The purpose of a disciplinary proceeding against an attorney is not so much to punish the attorney as it is to determine whether it is in the public interest that an attorney be permitted to practice, which question includes considerations of the protection of the public.

6. ____. When an attorney fails to respond to disciplinary complaints and ignores requests for information from the office of the Counsel for Discipline of the Nebraska Supreme Court, it indicates a disrespect for the Supreme Court's disciplinary jurisdiction and a lack of concern for protecting the public, the profession, and the administration of justice.

Original action. Judgment of disbarment.

- 725 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 317 Neb. 724

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This is an attorney discipline case in which the only question before this court is the appropriate discipline. The Counsel for Discipline of the Nebraska Supreme Court, the relator, brought formal charges against Craig M. Martin, the respondent, because the respondent had misappropriated $137,248.67 in funds belonging to a client. We granted judgment on the pleadings as to the facts and reserved the issue of the appropriate discipline. We now order that the respondent be disbarred.

## STATEMENT OF FACTS

The facts alleged in the formal charges are uncontested. The respondent was admitted to the practice of law in Nebraska on April 11, 2011. The respondent's license to practice law has been administratively suspended since June 18, 2024, because he failed to satisfy mandatory continuing legal education reporting requirements, see Neb. Ct. R. §§ 3-401.10 (rev. 2018) and 3-401.11 (rev. 2021), and failed to pay the annual licensing assessment for 2024 pursuant to Neb. Ct. R. § 3-803 (rev. 2022). At all times relevant to these proceedings, the respondent was engaged in the practice of law in Papillion, Nebraska.

The present charges arise from the respondent's misappropriation of client funds. In August 2022, a client hired the respondent to represent him in a divorce proceeding in the district court for Sarpy County, Nebraska, case No. CI 22-842. In November 2022, pursuant to a stipulation with the other party in his case, the respondent's client agreed to sell certain real estate. The net proceeds of the sale would be held in the respondent's trust account until the division and ownership of those proceeds was determined. As agreed, $137,248.67 was

- 726 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 317 Neb. 724

deposited into the client trust account of the law firm where the respondent was employed.

On or about March 1, 2023, the respondent left the law firm and opened his own law practice. The client elected to go with the respondent to his solo practice, and consequently, the client's files and trust account funds were transferred to the respondent. A trust account check for $137,248.67 was issued and deposited into the respondent's trust account.

From March 14 to May 17, 2023, the respondent misappropriated all of the client's funds without the client's knowledge or consent.

On November 29, 2023, the respondent was formally charged with violations of the Nebraska Rules of Professional Conduct and his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2022). After unsuccessful attempts to serve the respondent, he was served by publication. He failed to file an answer to the formal charges, so on March 25, 2024, the relator filed a motion for judgment on the pleadings. The respondent did not file any response.

On May 29, 2024, we granted the relator's motion for judgment on the pleadings as to the facts and reserved the issue of the disciplinary sanction. We directed the parties to brief the issue of discipline. The relator contends that the respondent should be disbarred. The respondent failed to timely file a brief despite an extension by this court.

ASSIGNMENT OF ERROR

The only question before this court is the appropriate discipline.

STANDARD OF REVIEW

[1] Because attorney discipline cases are original proceedings before this court, we review a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings. *State ex rel. Counsel for Dis. v. Miller*, 316 Neb. 899, 7 N.W.3d 642 (2024).

- 727 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 317 Neb. 724

## ANALYSIS

Because the respondent did not answer the formal charges, this court granted the relator's motion for judgment on the pleadings as to the facts. Based on the foregoing, we find that the facts establish misconduct. Having concluded that the respondent violated the Nebraska Rules of Professional Conduct and his oath of office as attorney, § 7-104, we must determine the appropriate sanction.

The respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided in § 7-104 and the provisions of the Nebraska Rules of Professional Conduct on safekeeping property, Neb. Ct. R. of Prof. Cond. § 3-501.15(a), (d), and (e) and on misconduct, Neb. Ct. R. of Prof. Cond. § 3-508.4(a) through (c) (rev. 2016).

[2,3] Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Miller, supra.* The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, Neb. Ct. R. § 3-310(N) (rev. 2023).

- 728 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 317 Neb. 724

[4,5] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Miller, supra*. The purpose of a disciplinary proceeding against an attorney is not so much to punish the attorney as it is to determine whether it is in the public interest that an attorney be permitted to practice, which question includes considerations of the protection of the public. *Id*.

The facts established by our order that granted judgment on the pleadings show that the respondent misappropriated a significant amount of client funds from his trust account, directly harming his client and the reputation of the bar. He continues to fail to comply with efforts by the office of the Counsel for Discipline to investigate the allegations against him and has not complied with licensing fees and mandatory attorney reporting requirements. We are unable to acknowledge mitigating factors because we lack any record on that question.

[6] We are troubled by the respondent's failure to respond to the relator. Failing to participate in the disciplinary process is a very serious matter. *State ex rel. State ex rel. Counsel for Dis. v. Nelson*, 311 Neb. 251, 971 N.W.2d 777 (2022). When an attorney fails to respond to disciplinary complaints and ignores requests for information from the office of the Counsel for Discipline of the Nebraska Supreme Court, it indicates a disrespect for the Supreme Court's disciplinary jurisdiction and a lack of concern for protecting the public, the profession, and the administration of justice. See *id*.

In light of the particular facts and circumstances in this case that have been established, we determine that the appropriate discipline in this matter is disbarment.

- 729 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
317 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. MARTIN
Cite as 317 Neb. 724

## CONCLUSION

It is the judgment of this court that the respondent be disbarred from the practice of law in the State of Nebraska effective immediately. The respondent is directed to comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is further directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022), as well as § 3-310(P) and Neb. Ct. R. § 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.